UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Monica D. Carr,<br>Plaintiff,<br>v.<br>McDonalds,<br>Defendant. | Case No.: 26-cv-5069-RSH-SBC<br>**ORDER DENYING PLAINTIFF'S MOTION TO PROCEED *IN FORMA PAUPERIS* AND MOTION TO APPOINT COUNSEL**<br>[ECF Nos. 2, 3] |

On September 8, 2026, plaintiff Monica D. Carr, proceeding pro se, commenced this action by filing a complaint (the "Complaint"), a motion to proceed *in forma pauperis* ("IFP"), and a motion to appoint counsel. ECF Nos. 1-3. For the reasons below, the Court denies both motions.

**I. MOTION TO PROCEED IFP**

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $405, consisting of a $350 statutory fee plus an additional administrative fee of $55. *See* 28 U.S.C. § 1914(a); Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2023)). An action may proceed despite a plaintiff's failure to

prepay the entire fee only if she is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Escobedo v. Applebees*, 787 F.3d 1226, 1232 (9th Cir. 2015) ("Section 1915(a)(1) allows federal courts to authorize commencement of a suit 'without prepayment of fees or security therefor, by a person who submits an affidavit' demonstrating 'that the person is unable to pay such fees or give security therefor.'") (quoting 28 U.S.C. § 1915(a)(1)); *see Hymas v. United States DOI*, 73 F.4th 763, 766 n.3 (9th Cir. 2023) ("§ 1915(a)(1) applies to all persons notwithstanding its 'prisoner possesses' language.") (internal quotation marks omitted).

In her IFP application, Plaintiff states that her assets consist of $500 cash and a home valued at $250,000. ECF No. 2 at 2-3. According to her application, Plaintiff has an income of $150 per month from self-employment and has monthly expenses totaling $3,800. *Id.* at 1, 4. Based on these representations, the Court concludes Plaintiff has adequately demonstrated that she is unable to pay the filing fee at this time.

**II. SCREENING PURSUANT TO 28 U.S.C. § 1915(e)(2)**

A complaint filed by any person seeking to proceed IFP pursuant to 28 U.S.C. § 1915(a) is subject to sua sponte review and dismissal should the Court determine, inter alia, that it is frivolous, malicious, or fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B); *see Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) ("[S]ection 1915(e) applies to all in forma pauperis complaints, not just those filed by prisoners.").

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that § 1915A screening "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)"). Rule 12(b)(6) requires a complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009)

(quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Upon screening pursuant to 28 U.S.C. § 1915(e)(2), the Court concludes that Plaintiff's Complaint fails to state a claim upon which relief may be granted. The Complaint's caption states that it is brought for "discrimination at work." *See* ECF No. 1. But the Complaint's underlying factual allegations are minimal. *See id.* The Complaint only makes a generalized assertion that Plaintiff's manager "told [a] story calling or texting me and that wasn't true" and Plaintiff was told "they were going to call [her] back to work, but no one did call [her] back." *Id.* at 2. Plaintiff fails to allege facts that state a plausible claim for relief.

## III. MOTION TO APPOINT COUNSEL

There is no constitutional right to counsel in a civil case, and the decision to appoint counsel under 28 U.S.C. § 1915(e)(1) is within "the sound discretion of the trial court and is granted only in exceptional circumstances." *Agyeman v. Corr. Corp. of Am.,* 390 F.3d 1101, 1103 (9th Cir. 2004); *see also Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991) (noting that only "exceptional circumstances" support such a discretionary appointment). The burden of demonstrating exceptional circumstances is on the party seeking counsel. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). A district court must consider the likelihood of success on the merits and the ability of the pro se litigant to articulate his claims in light of their legal complexity. *Id.*

Plaintiff has not met the requisite burden here. For the reasons stated above, Plaintiff fails to state a claim or demonstrate any likelihood of success on the merits; and there is no indication that appointment of counsel would assist in articulating a meritorious claim. The Court finds that Plaintiff has not established exceptional circumstances warranting appointment of counsel.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's IFP application, ECF No. 2, and motion for appointment of counsel, ECF No. 3, are **DENIED** without prejudice. The Court **DISMISSES** the Complaint pursuant to 28 U.S.C. § 1915(e)(2). If Plaintiff wishes to

proceed with this action, Plaintiff must both: (1) pay the filing fee or file a renewed application to proceed IFP; and (2) file an amended complaint addressing the deficiencies identified above and establishing a basis for federal subject matter jurisdiction within **thirty days** of the date of this Order.

**IT IS SO ORDERED.**

Dated: September 15, 2026

Hon. Robert S. Huie
United States District Judge